UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETRA RUSSELL, | CASE NO. C22-0531JLR |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | |
| WADOT CAPITAL, INC., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiff Petra Russell's motion to remand this case to King County Superior Court. (Mot. (Dkt. # 9); Reply (Dkt. # 16).) The motion is opposed by Defendant HMJOINT, LLC ("HMJOINT") (HMJOINT Resp. (Dkt. # 12)) and Defendants Todd Lindstrom and Todd Lindstrom Corporation (collectively, "Lindstrom Defendants") (Lindstrom Resp. (Dkt. # 14)). Defendants WADOT Capital, Inc. ("WADOT"), Erik Egger, and Nicole House (collectively, "WADOT Defendants") and Michael White, Steven White, Michele Chaffee, and Lisa Hallmon join in HMJOINT's

ORDER - 1

response.[1] (WADOT Joinder (Dkt. # 13).)  The court has considered the motion; the parties' submissions in support of and in opposition to the motion; the relevant portions of the record; and the applicable law.  Being fully advised,[2] the court DENIES Ms. Russell's motion to remand.

## II.   BACKGROUND

On January 31, 2022, Ms. Russell filed her initial complaint in King County Superior Court.  (*See* Not. of Removal (Dkt. # 1) ¶ 1; Compl. (Dkt. # 3-1).)  She challenged the terms of a loan that WADOT issued to her; sought to enjoin a pending foreclosure sale of her home; and stated claims under both state and federal law.  (*See generally* Compl.)  That same day, she served WADOT and Defendant NCW Trustee Service, LLC ("NCW") with the summons and complaint and filed a motion for a temporary restraining order to bar them from selling her home.  (WADOT Service Aff. (Dkt. # 3-23); NCW Service Aff. (Dkt. # 3-24); TRO Mot. (Dkt. # 3-8).)  Although Ms. Russell had stated federal law claims, neither WADOT nor NCW removed the action to this court at that time.  (*See* Dkt.)

On February 8, 2022, the superior court granted Ms. Russell's motion for a temporary restraining order.  (*See* TRO Order (Dkt. # 3-33); TRO Hearing Tr. (Dkt. # 3-37) at 2.)  On February 28, 2022, Ms. Russell filed a motion for a preliminary

---

[1] The court refers to all Defendants collectively as "Defendants."

[2] No party requests oral argument (*see* Mot. at 1; HMJOINT Resp. at 1; WADOT Joinder at 1; Lindstrom Resp. at 1) and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

injunction to prevent the sale of her home under Washington's Deed of Trust Act, which the state court granted on March 11, 2022. (PI Mot. (Dkt. # 3-36); PI Order (Dkt. # 3-55) (stating that Ms. Russell had "demonstrated a substantial likelihood of prevailing on the merits" of her claims).)

Ms. Russell filed an amended complaint on March 9, 2022. (Am. Compl. (Dkt. # 1-1).) She served the amended summons and amended complaint on the Lindstrom Defendants on March 27, 2022. (Lindstrom Decl. (Dkt. # 15) ¶ 5.) She served the amended summons and amended complaint on HMJOINT on March 29, 2022. (HMJOINT Service Aff. (Dkt. # 3-45); *see also* Mot. at 2 ("Plaintiff does not dispute that HMJOINT . . . was not officially served until March 29, 2022.").) HMJOINT removed the case to this court on the basis of federal question subject matter jurisdiction on April 20, 2022—22 days after it was served. (Not. of Removal.) All other Defendants who had been properly joined and served consented to the removal. (*Id.* ¶ 8.) Ms. Russell filed this timely motion to remand this case to King County Superior Court on May 12, 2022. (Mot.)

### III.    ANALYSIS

Ms. Russell argues that the court must remand this case, either because (1) the notice of removal was untimely because HMJOINT had notice of her complaint when she served it upon WADOT and NCW on January 31, 2022, or (2) the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*See generally* Mot.) The court considers each argument in turn.

### A.    Timeliness of Removal

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the state court action.  *See* 28 U.S.C. § 1441(a).  28 U.S.C. § 1446(b) governs the timing of removal.  28 U.S.C. § 1446(b); *see also* 28 U.S.C. § 1454 (requiring that removal "be made in accordance with section 1446").  If the case stated by the initial pleading is "removable on its face," then a defendant has 30 days from when it was served to remove the case.  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).  The removing party has the burden of establishing that removal is proper.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  The court must reject jurisdiction if there is any doubt as to the right of removal, including if there are defects in removal procedure.  *See Hawaii ex rel. Louis v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  The Supreme Court and the Ninth Circuit have been clear:  "[A]ctual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run."  *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (quoting *Murphy Bros.*, 526 U.S. at 347); *see also Camarata v. Dep't of Soc. and Health Servs.*, No. C17-5878RJB, 2018 WL 317029, at *1 (W.D. Wash. Jan. 8, 2018) ("[A]ctual service of process is a prerequisite for the running of the 30-day

1  removal period."). Thus, "mere receipt of the complaint" does not trigger the time to
2  remove, because such a "receipt rule" could "operate with notable unfairness," especially
3  to parties in foreign nations. *Murphy Bros.*, 526 U.S. at 348, 356.

4  Because actual notice is insufficient without formal service, the fact that the same
5  attorney represents both the properly and improperly served entities has no bearing.
6  *Camarata* is instructive. In that case, the same attorney represented all of the
7  defendants—one of whom was served in the fall of 2016, and two of whom were not
8  served until the fall of 2017. *Camarata*, 2018 WL 317029, at *1. The defendants
9  removed in October 2017, after an unfavorable ruling by the state court. *Id.* The plaintiff
10 argued that all defendants had "received" the complaint when their attorney filed an
11 answer after the first defendant was served. *Id.* at *2. The court rejected this argument as
12 "an attempt to circumvent . . . *Murphy Bros.*" because "even if [d]efendants . . . knew of
13 the [c]omplaint through their attorney . . . *Murphy Bros.* requires actual service of
14 process, not an approximation thereof." *Id.* Thus, "[w]hether by accident or strategic
15 calculation," the plaintiff's service of the defendants at different times "create[ed] a gap
16 between two sets of service of process," allowing the later-served defendants to remove
17 at a date that would have been untimely for the earlier-served defendant. *Id.* at *3 (citing
18 *Desfino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011)) (discussing later-served rule,
19 which allows each defendant 30 days to remove after being served).

20 Here, Ms. Russell argues that because the same attorneys represent WADOT and
21 HMJOINT, and because WADOT was authorized to service her loan on behalf of
22 HMJOINT, removal was untimely because HMJOINT necessarily would have had notice

of her complaint when she served WADOT. (Mot. at 9-10 (citing Am. Compl., Ex. 26; Egger Decl. (Dkt. # 3-14) ¶ 17).) The principles in *Murphy Bros.* and *Camarata*, however, apply to Ms. Russell's service of Defendants in this case. There is no dispute that Ms. Russell served WADOT and NCW on January 31, 2022, and HMJOINT on March 29, 2022. (*See* Mot. at 2.) Although the same attorneys represent both WADOT and HMJOINT, that "does not alter the conclusion that [HMJOINT's] removal period began when it was brought under the court's authority through formal process." *See Zunum Aero, Inc. v. The Boeing Company*, No. C21-0896JLR, 2021 WL 3630311, at *4 (W.D. Wash. Aug. 17, 2021) (denying motion to remand and finding removal timely where there was a gap between the times the plaintiff served different groups of defendants, even though the defendants were represented by the same attorneys). Because Ms. Russell served HMJOINT on March 29, 2022, its notice of removal on April 20, 2022 was timely.[3] Therefore, the court denies Ms. Russell's motion to remand based on untimeliness.

**B.     *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also*

---

[3] In addition, the Lindstrom Defendants—who are represented by different attorneys than WADOT and HMJOINT—state that if HMJOINT had not removed this case, they would have done so. (Lindstrom Decl. ¶ 6; *see generally* Dkt.)

*Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923).  In the cases from which the doctrine's name is derived, the plaintiffs had litigated in state court and lost.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).  The Supreme Court observed that the plaintiffs' federal complaints "essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments."  *Id.*  The Supreme Court held that such cases are "properly dismissed for want of subject-matter jurisdiction" and has since limited the application of the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 283-84.  Thus, *Rooker-Feldman* "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (emphasis in original).  The Ninth Circuit applies *Rooker-Feldman* not only to final state court orders and judgments, but also to a state court's interlocutory orders.  *See Benavidez v. County of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021) (citing *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)).

Ms. Russell argues that *Rooker-Feldman* requires remand because the state court "has already considered the merits of [her] claims and . . . rendered a decision that [she] has 'demonstrated a substantial likelihood of prevailing on the merits'" when it preliminarily enjoined Defendants from auctioning her home pending the outcome of her case.  (Mot. at 14.)  She fears that if the court does not remand her case, Defendants will argue that the state court improperly determined that Ms. Russell had demonstrated a

substantial likelihood of prevailing on her Washington Deed of Trust Act claims, thus requiring the court to, in effect, "engage in direct appellate review" of the state court's decisions. (*Id.*)  A federal court is, however, permitted to revisit prior decisions by the state court after a case is removed.  *See Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979) (holding that federal court had discretion to revisit the state court's denial of summary judgment in a removed action:  federal courts should treat a state court order in a subsequently removed action as if it had taken place in federal court, and federal court orders denying summary judgment are subject to reconsideration at any time); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528 (9th Cir. 2000) (observing, in a removed case, that a federal court judge may revisit prior interlocutory decisions entered by the state court judge in the same case "if there are cogent reasons or exceptional circumstances").  Ms. Russell has directed the court to no authority that applies *Rooker-Feldman* where a plaintiff seeks to bar the removal of a case based on a fear that a defendant may later challenge an order issued by the state court in the same case.  Therefore, the court denies Ms. Russell's motion to remand for lack of subject matter jurisdiction under *Rooker-Feldman*.

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Russell's motion to remand (Dkt. # 9).

Dated this 8th day of June, 2022.

JAMES L. ROBART
United States District Judge