UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETRA RUSSELL, | CASE NO. C22-0531JLR |
| Plaintiff, | ORDER |
| v. | |
| WADOT CAPITAL, INC., et al., | |
| Defendants. | |

Before the court is Plaintiff Petra Russell's motion to renote Defendants' motion for summary judgment. (Mot. (Dkt. # 41); *see* MSJ (Dkt. #37).) Although Ms. Russell's motion is noted for consideration on Friday, April 14, 2023 (*see* Dkt.), the court decides it now in the interests of managing its docket and avoiding uncertainty for the parties.

Defendants filed their motion for summary judgment on March 23, 2023, making Ms. Russell's response due on Monday, April 10, 2023, and Defendants' reply due on Friday, April 14, 2023. Local Rules W.D. Wash. LCR 7(d)(3). Ms. Russell's attorney, Boris Davidovskiy, filed the instant motion to renote at 9:27 p.m. on Thursday, April 6,

ORDER - 1

2023. (Mot.) Mr. Davidovskiy represents that he is unavailable to prepare an adequate response to Defendants' motion for summary judgment due to work and personal scheduling conflicts, including spending time with a family member who lives out of state. (Davidovskiy Decl. (Dkt. # 41-1) ¶ 2.) Although he was "able to take care of a few work-related matters this week," Mr. Davidovskiy represents that he needs additional time to complete his response to Defendants' motion for summary judgment. (*Id.* ¶ 3.) Mr. Davidovskiy does not explain why he waited to request an extension until effectively the last business day before his response is due. (*See generally id.*)

Local Civil Rule 7(j) provides that motions for relief from a deadline "should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion *prior to the deadline*." Local Rules W.D. Wash. LCR 7(j) (emphasis added). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id.* "When an act . . . must be done within a specified time, the court, may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

In the court's view, Mr. Davidovskiy has not shown good cause for an extension of time. To the contrary, his statements in his declaration and in his last-minute motion to renote amount to an admission that he simply prioritized other matters over his professional obligations to Ms. Russell. Nevertheless, out of concern for the quality of representation that Ms. Russell is receiving in this matter, the court GRANTS the motion (Dkt. # 41) and also gives Defendants additional time to file their reply. The Clerk is DIRECTED to renote Defendants' motion for summary judgment (Dkt. # 37) on April

28, 2023.  Ms. Russell shall file her response to Defendants' motion by no later than **Friday, April 21, 2023**, and Defendants shall file their reply by no later than **Friday, April 28, 2023**.  The court ADMONISHES Mr. Davidovskiy that he must, in the future, be more attentive to time management and comply with all deadlines set in this case, the Federal Rules of Civil Procedure, and the court's Local Civil Rules.[1]  The court is unlikely to grant him any further extensions of time absent exceptional circumstances.

Dated this 6th day of April, 2023.

JAMES L. ROBART
United States District Judge

---

[1] For example, the Local Civil Rules require that each motion or brief filed in a case "shall include the certification of the signer as to the number of words, substantially as follows: 'I certify that this memorandum contains ____ words, in compliance with the Local Civil Rules.'"  Local Rules W.D. Wash. LCR 7(e)(6).  Ms. Russell's motion does not include this certification.  (*See* Mot.)  Failure to follow the Local Civil Rules in the future may result in the noncompliant motion or brief being stricken from the docket.

ORDER - 3