UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETRA RUSSELL,<br><br>               Plaintiff,<br><br>    v.<br><br>WADOT CAPITAL, INC., et al.,<br><br>               Defendants. | CASE NO. C22-0531JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is the motion for summary judgment filed by Defendants WADOT Capital, Inc. ("WADOT"), Eric Egger, Nicole House,[1] Michael White, Steven White, HMJOINT, LLC ("HMJOINT"), Michele Chaffee, and Lisa Hallmon (collectively, the "WADOT Defendants"). (Mot. (Dkt. # 37); Reply (Dkt. # 46).) Plaintiff Petra Russell asks the court either to deny the WADOT Defendants' motion or

---

[1] Mr. Egger and Ms. House are the governing persons of WADOT. (WADOT Ans. (Dkt. # 28) ¶ 3.2.)

ORDER - 1

to defer ruling on it while she seeks additional discovery pursuant to Federal Rule of Civil Procedure 56(d). (Resp. (Dkt. # 43).) She also asks the court to strike certain material that the WADOT Defendants included in their reply. (Surreply (Dkt. # 47).)

The court has considered the motion, all materials filed in support of and in opposition to the motion, the relevant portions of the record, and the governing law. Being fully advised,[2] the court DENIES Ms. Russell's motion to strike, DENIES the WADOT Defendants' motion for summary judgment without prejudice, and GRANTS Ms. Russell's request for Rule 56(d) relief.

## II.   BACKGROUND

This case arises from loans that Ms. Russell obtained from WADOT, acting as the lender, and Defendant Todd Lindstrom Corporation d/b/a Capital Compete ("Capital Compete"), acting as the broker. (*See generally* 2d Am. Compl. (Dkt. # 31).) The loans were secured by a home Ms. Russell owned in the Greenwood neighborhood of Seattle, Washington (the "Greenwood Property"). (*See id.*) Ms. Russell alleges that WADOT and Capital Compete deceptively issued her high-interest-rate commercial loans rather than the consumer loans that she thought she had obtained. (*See id.*)

On January 31, 2022, after WADOT instituted a foreclosure action against the Greenwood Property, Ms. Russell filed her initial complaint in King County Superior Court. (*See* Not. of Removal (Dkt. # 1) ¶ 1; Compl. (Dkt. # 3-1).) She challenged the

---

[2] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

terms of the loan that WADOT issued to her; sought to enjoin the foreclosure sale of the Greenwood Property; and alleged claims under both state and federal law against the WADOT Defendants, Capital Compete and its governing persons, NCW Trustee Services, LLC, and the beneficiaries of the deed of trust on the Greenwood Property. (*See generally* Compl.) On February 8, 2022, the superior court granted Ms. Russell's motion for a temporary restraining order preventing the sale of the Greenwood Property. (*See* TRO Order (Dkt. # 3-33); TRO Hearing Tr. (Dkt. # 3-37) at 2.) On March 11, 2022, the superior court granted Ms. Russell's motion for a preliminary injunction preventing the sale of the Greenwood Property. (PI Mot. (Dkt. # 3-36); PI Order (Dkt. # 3-55) (stating that Ms. Russell had "demonstrated a substantial likelihood of prevailing on the merits" of her claims).)

On April 20, 2022, HMJOINT, one of the beneficiaries of the deed of trust on the Greenwood Property, removed the case to this court on the basis of federal question subject matter jurisdiction. (Not. of Removal.) The court denied Ms. Russell's motion to remand this case to King County Superior Court on June 8, 2022. (6/8/22 Order (Dkt. # 17).) On August 12, 2022, the court entered a scheduling order in which it set the discovery deadline on October 30, 2023; the dispositive motions deadline on November 28, 2023; and the trial date on February 26, 2024. (Sched. Order (Dkt. # 20).)

The WADOT Defendants filed the instant motion for summary judgment on March 23, 2023—over seven months before the discovery deadline and eight months before the dispositive motions deadline. (Mot.; Sched. Order.) Ms. Russell filed her response and request for Rule 56(d) relief on April 21, 2023. (Resp.; *see also* 4/6/23

1 | Order (granting Ms. Russell's motion for an extension of her deadline to respond).)  The
2 | WADOT Defendants filed their reply on April 28, 2023.  (Reply.)  Ms. Russell filed her
3 | surreply on April 30, 2023.  (Surreply.)

### III.   ANALYSIS

5 |      Two key issues underlie most of Ms. Russell's claims against the WADOT
6 | Defendants: (1) whether the Greenwood Property was Ms. Russell's primary residence
7 | and subject to consumer, rather than commercial, loans when she obtained the loans at
8 | issue in this case; and (2) whether Capital Complete was WADOT's agent such that
9 | knowledge of the communications between Capital Compete and Ms. Russell can be
10 | imputed to WADOT.  (*See generally* Mot.; Resp.; Reply.)  The WADOT Defendants
11 | assert that there is no genuine dispute that both questions must be answered in the
12 | negative and thus, summary judgment on Ms. Russell's claims against them is
13 | appropriate.  (*See generally* Mot.; Reply.)  Ms. Russell counters that there are questions
14 | of fact that preclude summary judgment.  (*See generally* Resp.)
15 |      Under Federal Rule of Civil Procedure 56(d), if the nonmoving party "shows by
16 | affidavit or declaration that, for specified reasons, it cannot present facts essential to
17 | justify its opposition, the court may:  (1) defer considering the motion or deny it;
18 | (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any
19 | other appropriate order." Fed. R. Civ. P. 56(d).  To prevail on a Rule 56(d) motion, the
20 | party opposing summary judgment "must make '(a) a timely application which
21 | (b) specifically identifies (c) relevant information, (d) where there is some basis for
22 | believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 &*

*505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). Unless the party requesting a continuance "has not diligently pursued discovery of the evidence," its request "should be granted almost as a matter of course." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003).

Ms. Russell asserts that she needs further discovery regarding "the communications and other dealings between WADOT and other parties, including Capital Compete." (Resp. at 27; *see* Davidovskiy Decl. (Dkt. # 45) ¶ 4.) She explains that this discovery "would be highly relevant" to show that Capital Compete was WADOT's agent, that both Capital Compete and WADOT knew that the Greenwood Property was Ms. Russell's primary residence when she entered into the loans at issue in this case' and that Capital Compete and WADOT "otherwise conspired" to evade state and federal disclosure requirements regarding residential loans. (Resp. at 27; *see* Davidovskiy Decl. ¶ 4.) She contends that she has been diligent because the discovery deadline is not until October 30, 2023, and she has been waiting to "fully proceed[] with all the formal discovery in this matter" until (1) she serves the new Defendants she named in the second amended complaint she filed on October 26, 2022,[3] and (2) all

//

//

---

[3] The court separately ordered Ms. Russell to show cause why it should not dismiss her claims against these Defendants for failure to comply with the 90-day deadline to complete service set forth in Federal Rule of Civil Procedure 4(m). (5/10/23 OSC (Dkt. # 48).)

ORDER - 5

Defendants answer the second amended complaint. (Resp. at 26; *see* Davidovskiy Decl. ¶ 3; 2d Am. Compl.)

The WADOT Defendants urge the court to deny Ms. Russell's request for Rule 56(d) relief because she has not been diligent in pursuing discovery. (Reply at 10.) They assert that Ms. Russell has not sought discovery from any party since WADOT served its initial disclosures in August 2022.[4] (*Id.*) Ms. Russell counters that, "as of the Reply's filing date," she had "already recently propounded" interrogatories and requests for production on Capital Compete; its governing person, Defendant Todd Lindstrom; Mr. Lindstrom's spouse, Defendant Tia Lindstrom; WADOT; Mr. Egger; and Ms. House. (Surreply at 2.) She states that these discovery requests seek "information relating to the communications and other dealings between WADOT and other parties, including Capital Compete." (*Id.*)

Based on the statements in Ms. Russell's surreply, it appears to the court that Ms. Russell did not serve her first set of discovery requests until sometime between April 21, 2023, when she filed her response, and April 28, 2023, the filing date of the reply. (*See* Dkt.) The parties, however, filed their joint status report and discovery plan on August 8, 2022. (*See* JSR (Dkt. # 18).) The court is not persuaded that an eight-month delay in beginning to conduct discovery was justified by a need to await answers to Ms. Russell's second amended complaint. Nevertheless, because the WADOT Defendants filed their motion for summary judgment so far before the discovery deadline, the court concludes

---

[4] Ms. Russell moves the court to strike this statement as false. (*See* Surreply.) The court DENIES her motion to strike.

ORDER - 6

1 | that Ms. Russell's request for Rule 56(d) relief was timely, that she identified the
2 | additional discovery she seeks with sufficient specificity, and that she has not been
3 | unduly dilatory in her efforts to obtain discovery.  *See Emps. Teamsters*, 353 F.3d at
4 | 1129; *Burlington N. Santa Fe R.R. Co.*, 323 F.3d at 773-74.  In addition, in light of the
5 | scope of the additional discovery sought, the court concludes that denial without
6 | prejudice—as opposed to deferral—of the WADOT Defendants' motion for summary
7 | judgment is the appropriate and most efficient remedy.  *See* Fed. R. Civ. P. 56(d)(1), (3).
8 | Therefore, the court DENIES the WADOT Defendants' motion for summary judgment
9 | without prejudice and GRANTS Ms. Russell's request for Rule 56(d) relief to allow time
10 | for Defendants to respond to the interrogatories and requests for production that Ms.
11 | Russell served on or before April 28, 2023.  (*See* Surreply.)

## IV.    CONCLUSION

For the foregoing reasons, the court (1) DENIES the motion to strike contained in Ms. Russell's surreply; (2) DENIES the WADOT Defendants' motion for summary judgment (Dkt. # 37) without prejudice; (3) GRANTS Ms. Russell's request for Rule 56(d) relief for the limited purpose of allowing Defendants to respond to the interrogatories and requests for production Ms. Russell served on or before April 28, 2023 on Capital Compete, Mr. Lindstrom, Ms. Lindstrom, WADOT, Mr. Egger, and

//
//
//
//

Ms. House; and (4) ORDERS the parties to cooperate in completing this discovery. The WADOT Defendants may renew their motion for summary judgment after June 30, 2023.

Dated this 10th day of May, 2023.

JAMES L. ROBART
United States District Judge