UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETRA RUSSELL,

              Plaintiff,

   v.

WADOT CAPITAL, INC., et al.,

              Defendants.

CASE NO. C22-0531JLR

ORDER

## I.  INTRODUCTION

Before the court is Plaintiff Petra Russell's motion for authorization to serve Defendants National Capital Partners, Inc. ("NCP") and Jared Ekdahl (together, the "NCP Defendants") by mail.  (Mot. (Dkt. # 51).)  None of the Defendants who have appeared in this action have opposed Ms. Russell's motion.  (*See generally* Dkt.)  The court has reviewed Ms. Russell's motion, the documents filed in support of that motion, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Ms. Russell's motion for authorization to serve the NCP Defendants by mail.

1

## II.    BACKGROUND

2        Ms. Russell filed her original complaint in this matter in King County Superior

3  Court on January 1, 2022, and amended her complaint on March 9, 2022.  (Not. of

4  Removal (Dkt. # 1) ¶ 1.)  Defendant HMJOINT, LLC removed the case to this court on

5  April 20, 2022.  (*See generally* Not. of Removal.)  On June 8, 2022, the court denied Ms.

6  Russell's motion to remand (6/8/22 Order (Dkt. # 17)) and the parties proceeded to

7  litigate the matter in this court (*see generally* Dkt.).

8        On October 26, 2022, Ms. Russell filed a second amended complaint in which she

9  added the NCP Defendants as Defendants.  (2d Am. Compl. (Dkt. # 31); 10/25/22 Order

10  (Dkt. # 30) (granting leave to amend).)  On May 10, 2023—six-and-a-half months after

11  Ms. Russell added the NCP Defendants to this case—the court ordered Ms. Russell to

12  show cause why her claims against the NCP Defendants should not be dismissed for

13  failure to serve the NCP Defendants with a summons and a copy of her second amended

14  complaint within the 90-day timeframe provided in Federal Rule of Civil Procedure 4(m).

15  (5/10/23 Order (Dkt. # 48) (quoting Fed. R. Civ. P. 4(m)).)  The court warned that absent

16  a showing of good cause for her failure to comply with Rule 4(m), the court would

17  dismiss Ms. Russell's claims against the NCP Defendants without prejudice.  (*Id.* at 2.)

18        Ms. Russell timely responded to the order to show cause on May 17, 2023.  (OSC

19  Resp. (Dkt. # 50).)  She asked the court to extend the time for her to serve the NCP

20  Defendants and filed the instant motion for authorization to serve the NCP Defendants by

21  mail.  (*Id.*; Mot.)  In her response, she states that she has "acted diligently in trying to

22  effectuate service of process on the NCP Defendants" and asserts her belief that the NCP

Defendants "have, directly or indirectly, evaded service of process." (OSC Resp. at 4; *see also* Mot. at 2-4 (describing Ms. Russell's efforts to serve the NCP Defendants).)

Ms. Russell's evidence of her own diligence and of the NCP Defendants' alleged evasion of service, however, is sparse. On November 21, 2022, Ms. Russell's process server unsuccessfully attempted to serve the NCP Defendants at the address listed for NCP on the Washington Secretary of State's website. (5/17/23 Davidovskiy Decl. (Dkt. # 50-1) ¶ 3; 4/21/23 Davidovskiy Decl. (Dkt. # 45) ¶ 3, Ex. 2 (process server's declarations of non-service on the NCP Defendants on November 21, 2022).) The NCP Defendants did not appear on the building directory at that address, and the individual at the security desk was unwilling to help the process server locate the NCP Defendants. (4/21/23 Davidovskiy Decl., Ex. 2.) Ms. Russell asserts that she has since engaged "at least two private investigators" in an effort to locate the NCP Defendants. (5/17/23 Davidovskiy Decl. ¶ 9.) Their investigation identified an address "with a last known association to" Mr. Ekdahl earlier this year. (*Id.* ¶ 5.) On April 25, 2023, Ms. Russell's process server unsuccessfully attempted to serve the NCP Defendants at that address. (*Id.*, Ex. 1 (process server's declaration of non-service on April 25, 2023).) The current resident at that address told the process server that the NCP Defendants were "unknown to them" and were not living at that address. (*Id.*) The process server observed a vehicle with license plate number BOS2518 at the residence, but Ms. Russell does not explain whether that license plate number is significant. (*Id.*; *see generally* 5/17/23 Davidovskiy Decl.) The investigation found that Mr. Ekdahl "appears to own a 2005 Audi A4" that "appears to place him at" NCP's business address, but Ms. Russell does not state whether

1     that vehicle provided any other leads regarding Mr. Ekdahl's location. (*Id.* ¶ 6.) The

2     investigation also identified telephone numbers that appear to be associated with Mr.

3     Ekdahl, but calls placed to those numbers were not answered. (*Id.* ¶ 7.) Ms. Russell's

4     private investigator believes that Mr. Ekdahl is using a "burner phone" that cannot be

5     traced, but Ms. Russell does not explain how her investigator came to that conclusion.

6     (*Id.*) Finally, the investigation found a post office box that appears to be associated with

7     Mr. Ekdahl (although counsel's declaration does not explain that association) and the

8     private investigator has not found a change of address on file for Mr. Ekdahl. (*Id.* ¶ 8.)

9                **III.    ANALYSIS**

10        Federal Rule of Civil Procedure 4 provides that a plaintiff may, among other

11    methods, serve a defendant by "following state law for serving a summons in an action

12    brought in courts of general jurisdiction in the state where the district court is located or

13    where service is made." Fed. R. Civ. P. 4(e)(1). In Washington, service by mail is

14    permissible if the plaintiff demonstrates that (1) they made reasonably diligent efforts to

15    personally serve the defendants; (2) service by publication would be justified under

16    Washington law; and (3) the defendants are as likely to receive actual notice from service

17    by mail as they would from service by publication. *Dodo Int'l, Inc. v. Parker*, No.

18    C20-1116JCC, 2021 WL 662344, at *1 (W.D. Wash. Feb. 19, 2021) (citing Wash. Sup.

19    Ct. Civ. R. 4(d)(4) and *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014

20    (Wash. Ct. App. 2003)); *see also* RCW 4.28.080(17) (allowing substituted service only

21    after plaintiff has attempted, "with reasonable diligence," to personally serve the

22    individual or entity). The court concludes that the facts set forth in Ms. Russell's motion

1   and her attorney's declarations are insufficient to justify an order authorizing service on

2   the NCP Defendants by mail.

3          First, the court is not satisfied that Ms. Russell has exercised reasonable diligence

4   in attempting to locate and serve the NCP Defendants.  To demonstrate reasonably

5   diligent efforts, the plaintiff must make "honest and reasonable efforts to locate the

6   defendant." *Pascua v. Heil*, 108 P.3d 1253, 1258 (Wash. Ct. App. 2005) (quoting *Martin*

7   *v. Meier*, 760 P.2d 925, 930 (Wash. 1988)).  "While reasonable diligence does not require

8   the plaintiff to employ all conceivable means to locate the defendant, it does require the

9   plaintiff to follow up on any information possessed that might reasonably assist in

10  determining the defendant's whereabouts." *Id.* (citing *Carson v. Northstar Dev. Co.*, 814

11  P.2d 217, 221 (Wash. Ct. App. 1991)).

12         Here, Ms. Russell's process server only attempted service twice:  once in

13  November 2022 to the address listed on the Washington Secretary of State's website, and

14  again in April 2023 to an address that had "a last known association to" Mr. Ekdahl

15  earlier this year.  (5/17/23 Davidovskiy Decl. ¶¶ 3-5.)  Although Ms. Russell's attorney

16  mentions an "ongoing investigation," he does not describe the specific efforts that he and

17  Ms. Russell's private investigators have made to identify the NCP Defendants' current

18  whereabouts.  For example, nothing in his declarations describes the databases that that

19  the investigators searched, the leads they followed, or whether they have reached out to

20  associates of Mr. Ekdahl to inquire about his whereabouts.  *See, e.g.*, *Dobbins v.*

21  *Mendoza*, 947 P.2d 1229, 1234-35 (Wash. Ct. App. 1997) (finding plaintiff's affidavits

22  insufficient where witnesses stated they used "various sources" to find defendant but did

1   not identify what records they checked and holding that due diligence would require, "at

2   a minimum," that the plaintiff review tax records to identify defendant's names and

3   address and attempt personal service on them there); *Charboneau Excavating, Inc.*, 75

4   P.3d at 1014 (finding plaintiff had not exercised reasonable diligence where it did not

5   check assessor's records, did not contact known associates of defendant, and did not

6   follow up on leads).  Absent additional details of Ms. Russell's investigation—preferably

7   provided through the declarations of the private investigators themselves—the court

8   cannot find that Ms. Russell has been reasonably diligent in attempting to locate and

9   serve the NCP Defendants over the past seven months.

10          Second, Ms. Russell has not demonstrated that service on the NCP Defendants by

11   publication would be justified.  Washington allows service by publication in limited

12   circumstances, including, in relevant part, when a Washington resident "keeps himself or

13   herself concealed" within the state with the intent to "avoid the service of a summons"

14   and when the action is against a corporation "and the proper officers on whom to make

15   service do not exist or cannot be found."  *Dodo Int'l*, 2021 WL 662344, at *1 (quoting

16   RCW 4.28.100(2), (8)).

17          Ms. Russell has not provided the court with evidence that suggests that Mr. Ekdahl

18   is aware of this lawsuit and evading service.  In *Pascua v. Heil*, for example, the

19   Washington Court of Appeals held that the plaintiff failed to demonstrate evasion of

20   service where the evidence showed that the defendant had changed addresses and phone

21   numbers in the three years since the accident, did not provide a forwarding telephone

22   number and address, and had an unlisted telephone number.  *Pascua*, 108 P.3d at

1259-60.  Here, Ms. Russell's evidence shows only that, since her last interaction with Mr. Ekdahl in June 2020 (*see* 2d Am. Compl. ¶ 5.52), NCP cannot be found at its former business address, Mr. Ekdahl does not live at an address having "a last known association to" him earlier this year, and Mr. Ekdahl has not answered calls to telephone numbers that may or may not be his (*see generally* 5/17/23 Davidovskiy Decl.).  As in *Pascua*, this evidence, without more, does not raise an inference that Mr. Ekdahl is attempting to avoid service of process.  *Compare Pascua*, 108 P.3d at 1259-60, with *Dodo Int'l, Inc.*, 2021 WL 662344, at \*2 (finding evidence sufficient to demonstrate evasion of service where plaintiff's process service made six attempts to serve defendant at his last known address and where, during some of those attempts, vehicles registered to the defendant were present and somebody was inside the residence, but no one answered the door).

Finally, Ms. Russell has not made any effort in her supporting declarations to show that service on the NCP Defendants by mail "is just as likely to give actual notice as service by publication."  Wash. Sup. Ct. Civ. R. 4(d)(4).  To the contrary, Ms. Russell has shown only that the NCP Defendants' business address is no longer active; that Mr. Ekdahl does not reside at a certain residential address; and that Mr. Ekdahl might be associated with a post office box.  More information is needed before the court can find that service by mail is reasonably likely to give Mr. Ekdahl notice of this lawsuit.  *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (holding that due process requires the method of service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

1     In sum, Ms. Russell has not demonstrated that she made reasonably diligent efforts

2   to personally serve the NCP Defendants, that service by publication would be justified

3   under Washington law under the circumstances presented here, and that the NCP

4   Defendants are as likely to receive actual notice from service by mail as they would from

5   service by publication.  Therefore, the court DENIES Ms. Russell's motion for

6   authorization to serve the NCP Defendants by mail.  This denial is without prejudice to

7   Ms. Russell renewing her motion, by no later than **June 29, 2023**,[1] with supporting

8   evidence that satisfies Washington's requirements for service by mail.

9                               **IV.    CONCLUSION**

10     For the foregoing reasons, the court DENIES Ms. Russell's motion for leave to

11   serve the NCP Defendants by mail (Dkt. # 51) without prejudice.  Ms. Russell may file a

12   renewed motion that addresses the deficiencies identified in this order by no later than

13   **June 29, 2023**.  If Ms. Russell does not make a timely filing in accordance with this

14   order, the court will dismiss her claims against the NCP Defendants without prejudice.

15     Dated this 1st day of June, 2023.

16

17                                     _____

18                                     JAMES L. ROBART
                                       United States District Judge

19

20

21   _____

      [1] The court notes that June 29, 2023 is more than eight months after Ms. Russell filed her
22   second amended complaint and thus represents a five-month extension of Rule 4(m)'s 90-day
      deadline for effectuating service of process.  *See* Fed. R. Civ. P. 4(m).