UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETRA RUSSELL,<br><br>            Plaintiff,<br><br>    v.<br><br>WADOT CAPITAL, INC., et al.,<br><br>           Defendants. | CASE NO. C22-0531JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Plaintiff Petra Russell's second motion for leave to serve Defendants Jared Ekdahl and National Capital Partners, Inc. ("NCP") (together, the "NCP Defendants"[1]) by mail. (Mot. (Dkt. # 54).) None of the Defendants who have appeared in this action have opposed Ms. Russell's motion. (See Dkt.) The court has reviewed Ms. Russell's motion, the documents filed in support of that motion, the

---

[1] Mr. Ekdahl is NCP's registered agent and governing person. (See 2d Am. Compl. (Dkt. # 31) ¶¶ 3.6-3.7.)

relevant portions of the record, and the governing law. Being fully advised, the court GRANTS Ms. Russell's second motion for leave to serve the NCP Defendants by mail.

## II. BACKGROUND

On June 1, 2023, the court denied Ms. Russell's first motion for leave to serve the NCP Defendants by mail. (*See* 6/1/23 Order (Dkt. # 52).[2]) The court concluded that leave to serve the NCP Defendants by mail was not justified because Ms. Russell had not demonstrated that (1) she had exercised reasonable diligence in attempting to locate and serve the NCP Defendants; (2) the NCP Defendants were "aware of this lawsuit and evading service"; or (3) service on the NCP Defendants by mail was "just as likely to give actual notice [to the NCP Defendants] as service by publication." (*Id.* at 5-8 (first citing *Pascua v. Heil*, 108 P.3d 1253, 1258 (Wash. Ct. App. 2005); and then citing Wash. Sup. Ct. Civ. R. 4(d)(4)).)

After the court issued its June 1, 2023 order, Ms. Russell's process servers again attempted to locate and serve the NCP Defendants. Process server H. Eric Vennes conducted skip traces of the NCP Defendants in November 2022 and June 2023 using several different databases. (Vennes Decl. (Dkt. # 57) ¶¶ 1-2.) Although the skip traces returned several addresses, only NCP's business address at 600 Stewart Street, Suite 400 in Seattle, Washington appeared to be active. (*Id.*; 6/28/23 Davidovskiy Decl. (Dkt. # 55) ¶ 2 (stating that NCP listed 600 Stewart Street, Suite 400, as its principal office address in

---

[2] The court recounted much of the background relevant to this motion in its order denying Ms. Russell's first motion for leave to serve by mail. (*See id.* at 2-4.) Therefore, the court focuses here on events that occurred after the court issued that order.

its most recent annual report filed with the Washington Secretary of State).) Mr. Vennes also reviewed Washington State Department of Licensing records that indicated that two vehicles were registered to the NCP Defendants at 600 Stewart Street, Suite 400. (*Id.*)

On June 20, 2023, at 9:55 a.m., process server Todd Remmem attempted service on the NCP Defendants at 600 Stewart Street, Suite 400. (Remmem Decl. (Dkt. # 56) ¶ 3.[3]) There, he learned that the address was associated with an executive office space called Regus that can be accessed only by appointment. (*Id.*) As a result, building security would not allow him onto to the fourth floor. (*Id.*) Mr. Remmem then called one of two phone numbers that Ms. Russell's investigators had found for Mr. Ekdahl and/or NCP. (*Id.* ¶¶ 3, 6.) Mr. Ekdahl answered the call, identified himself, and verified that 600 Stewart Street, Suite 400, was the correct address for his business. (*Id.* ¶ 3.) Mr. Remmem explained to Mr. Ekdahl that he was calling regarding service of process for this action and offered to take the summons and second amended complaint to Mr. Ekdahl at an address of his choosing. (*Id.*) According to Mr. Remmem, Mr. Ekdahl "stated that he intends to cooperate and accept service, however, he told [Mr. Remmem] that he would have to get back to [Mr. Remmem] with where and when." (*Id.*) Later that morning, Mr. Ekdahl called Mr. Remmem back and told him that he intended to talk with his attorney before deciding whether to cooperate with service. (*Id.* ¶ 4.)

On June 21, 2023, Mr. Remmem tried again to call Mr. Ekdahl regarding service. (*Id.* ¶ 5.) When Mr. Ekdahl did not answer the call, Mr. Remmem left him a "detailed

---

[3] Mr. Remmem had previously attempted service at this address in November 2022. (*Id.* ¶ 1.)

ORDER - 3

voicemail." (*Id.*) Mr. Remmem tried to call Mr. Ekdahl later in the day on June 21, 2023, as well as on June 22, 23, and 26, 2023. (*Id.* ¶¶ 6-9 (noting that Mr. Remmem called both of Mr. Ekdahl's telephone numbers on June 21, 23, and 26).) On June 22, 2023, Mr. Ekdahl answered Mr. Remmem's call and stated that he needed a "couple more days to consider" whether to accept service. (*Id.* ¶ 7.) Mr. Ekdahl did not answer any of the other calls. (*Id.* ¶¶ 6, 8-9.) Mr. Remmem also called the Regus office on June 22, 2023. (*Id.* ¶ 7.) A receptionist answered and verified that the location was a virtual office for both NCP Defendants. (*Id.*)

On June 20, 2023, Mr. Vennes mailed two sets of the summons and second amended complaint to each of the NCP Defendants at 600 Stewart Street, Suite 400, by certified first-class mail, return receipt requested. (Vennes Decl. ¶ 3.) The post office returned signed receipts for both mailings. (*Id.* ¶ 3; *id.* at 4-7 (return receipts).) On June 26, 2023, Mr. Vennes attempted to call Mr. Ekdahl at his two telephone numbers to see if he would accept service, but Mr. Ekdahl did not answer. (*Id.* ¶ 4.) Mr. Vennes notes that before June 26, 2023, the voicemail message for both numbers "was not generic" and "stat[ed] a name." (*Id.*) On June 26, 2023, however, his calls "went to a generic voicemail for both numbers." (*Id.*)

### III.   ANALYSIS

Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may, among other methods, serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Ms. Russell now asserts that she has

(1) served NCP in accordance with Rule 4(e)(1) and RCW 23.95.450 and (2) met Washington's requirements to serve the NCP Defendants by mail. (Mot. at 2-5.) The court first considers whether NCP has been properly served under RCW 23.95.450, then evaluates whether Ms. Russell has shown that service by mail is justified.

**A.     Ms. Russell Has Not Served NCP.**

In relevant part, RCW 23.95.450 provides:

> If a represented entity[4] ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested . . . addressed to the entity at the entity's principal office. The address of the principal office must be as shown in the entity's most recent annual report filed by the secretary of state.

RCW 23.95.450(2). Ms. Russell asserts that she complied with this provision on June 20, 2023, when she sent the summons and second amended complaint to NCP by certified first-class mail, return receipt requested, at the address listed for NCP's principal office in its most recent annual report. (Mot. at 2-3; Vennes Decl. ¶ 3.) The declarations of Ms. Russell's process servers, however, do not support the conclusion that, Mr. Ekdahl—NCP's registered agent—could not be served with reasonable diligence by June 20, 2023. To the contrary, on June 20, 2023, Mr. Ekdahl answered Mr. Remmem's call regarding service, then called Mr. Remmem back, stating that he intended to speak with his attorney. (Remmem Decl. ¶¶ 2-3.) Mr. Vennes mailed the summons and second amended complaint to NCP that same day. (Vennes Decl. ¶ 3.) Based on this record, the

---

[4] A "represented entity" includes a domestic business corporation. RCW 23.95.105(2), 6(a); RCW 23.95.400(2)(a).

ORDER - 5

1  court cannot conclude that Ms. Russell has shown that Mr. Ekdahl could not "with

2  reasonable diligence be served" as of June 20, 2023.  RCW 23.95.450(2).  Therefore, the

3  court holds that Ms. Russell has not yet effected service on NCP.

4  **B.    Ms. Russell May Serve the NCP Defendants by Mail.**

5  In Washington, service by mail is permissible if the plaintiff demonstrates that

6  (1) they made reasonably diligent efforts to personally serve the defendants; (2) service

7  by publication would be justified under Washington law; and (3) the defendant is as

8  likely to receive actual notice from service by mail as they would from service by

9  publication.  *Dodo Int'l, Inc. v. Parker*, No. C20-1116JCC, 2021 WL 662344, at *1

10 (W.D. Wash. Feb. 19, 2021) (first citing Wash. Sup. Ct. Civ. R. 4(d)(4); and then citing

11 *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014 (Wash. Ct. App. 2003));

12 *see also* RCW 4.28.080(17) (allowing substituted service only after plaintiff has

13 attempted, "with reasonable diligence," to personally serve the individual or entity).  The

14 court concludes that Ms. Russell has made a sufficient showing to justify service by mail

15 on the NCP Defendants.

16 First, the court is now satisfied that Ms. Russell has exercised reasonable diligence

17 in attempting to locate and serve the NCP Defendants.  To demonstrate reasonably

18 diligent efforts, the plaintiff must make "honest and reasonable efforts to locate the

19 defendant."  *Pascua*, 108 P.3d at 1258 (quoting *Martin v. Meier*, 760 P.2d 925, 930

20 (Wash. 1988)).  "While reasonable diligence does not require the plaintiff to employ all

21 conceivable means to locate the defendant, it does require the plaintiff to follow up on

22 any information possessed that might reasonably assist in determining the defendant's

whereabouts." *Id.* (citing *Carson v. Northstar Dev. Co.*, 814 P.2d 217, 221 (Wash. Ct. App. 1991)).

The declarations of Ms. Russell's process servers demonstrate that they exercised reasonable diligence to locate and serve the NCP Defendants. Mr. Vennes performed skip traces using a subscription database, searched Washington Department of Licensing records, and submitted a request to the United States Postal Service for a physical address associated with a post office box that he suspected might be associated with Mr. Ekdahl. (Vennes Decl. ¶ 1.) Mr. Remmem visited 600 Stewart Street, Suite 400, which NCP listed as its principal office location, in an attempt to serve the NCP Defendants. (Remmem Decl. ¶ 3.) When he could not access NCP's office suite, Mr. Remmem called Mr. Ekdahl, who confirmed that the 600 Stewart Street, Suite 400 address was correct. (*Id.*) Later, a receptionist confirmed that the NCP Defendants had virtual offices at the Regus office location. (*Id.* ¶ 7.) Mr. Remmem repeatedly called Mr. Ekdahl regarding acceptance of service, to no avail. (*Id.* ¶¶ 3-9.) Mr. Vennes mailed the summons and second amended complaint to the NCP Defendants at 600 Stewart Street, Suite 400, and received return receipts shortly thereafter, indicating that the mailing was successful. (Vennes Decl. ¶ 3; *id.* at 4-7.) The court is satisfied that Ms. Russell has made reasonably diligent efforts to locate and personally serve the NCP Defendants.

Second, Ms. Russell has demonstrated that service on Mr. Ekdahl by publication would be justified. Washington allows service by publication in limited circumstances, including, in relevant part, when a Washington resident "keeps himself or herself concealed" within the state with the intent to "avoid the service of a summons" and when

the action is against a corporation "and the proper officers on whom to make service do not exist or cannot be found." *Dodo Int'l*, 2021 WL 662344, at *1 (quoting RCW 4.28.100(2), (8)).  Ms. Russell has now provided the court with evidence that suggests that Mr. Ekdahl is aware of this lawsuit and evading service.  Mr. Remmem spoke directly with Mr. Ekdahl about acceptance of service on June 20 and 22, 2023.  (Remmem Decl. ¶¶ 3-4, 7.)  Despite being the registered agent for NCP—which obligates him to accept service on behalf of NCP, *see* RCW 23.95.455(1)—Mr. Ekdahl informed Mr. Remmem that he would need to speak to his attorney and then stopped answering his calls.  (*Id.* ¶¶ 7-9; Vennes Decl. ¶ 4).)  Based on these facts, the court concludes that Ms. Russell has demonstrated that Mr. Ekdahl—and through Mr. Ekdahl, NCP—is evading service.

Finally, Ms. Russell has now shown that service on the NCP Defendants by mail "is just as likely to give actual notice as service by publication."  Wash. Sup. Ct. Civ. R. 4(d)(4).  Mr. Ekdahl confirmed that NCP's correct address is 600 Stewart Street, Suite 400, and the return receipts from Mr. Vennes's June 20, 2023 mailings indicate that items mailed to the NCP Defendants at that address will be received and signed for.  (Remmem Decl. ¶ 3; Vennes Decl. ¶ 3; *id.* at 4-7.)  The court is satisfied that service by mail to 600 Stewart Street, Suite 400 is likely to give the NCP Defendants actual notice of this action.

In sum, Ms. Russell has now demonstrated that she made reasonably diligent efforts to personally serve the NCP Defendants, that service by publication would be justified under Washington law under the circumstances presented here, and that the NCP Defendants are as likely to receive actual notice from service by mail as they would from

ORDER - 8

service by publication. Therefore, the court GRANTS Ms. Russell's motion for leave to serve the NCP Defendants by mail.

### IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Russell's motion for leave to serve the NCP Defendants by mail (Dkt. # 54). Ms. Russell shall file proof that she has served the NCP Defendants by mail by no later than **August 4, 2023**. If Ms. Russell does not make a timely filing in accordance with this order, the court will dismiss her claims against the NCP Defendants without prejudice.

Dated this 21st day of July, 2023.

JAMES L. ROBART
United States District Judge