UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRIC RUSSELL,<br><br>                Plaintiff,<br><br>   v.<br><br>WADOT CAPITAL, INC., et al.,<br><br>                Defendants. | CASE NO. C22-0531JLR<br><br>ORDER |

Before the court is Defendants WADOT Capital, Inc. ("WADOT"), Erik Egger, Nicole House, Michael White, Steven White, HMJOINT, LLC, Michele Chaffee, and Lisa Hallmon's (collectively, the "WADOT Defendants") third motion for summary judgment (WADOT MSJ (Dkt. # 88)) and the responsive brief filed by Plaintiff Patric Russell, as administrator and successor of the Estate of Petra Russell (the "Estate") (Resp. (Dkt. # 91)). For the reasons set forth below, the court ORDERS supplemental briefing on the motion.

ORDER - 1

Ms. Russell, the original plaintiff in this matter, pursued this litigation until her death in September 2023.  (*See* Compl. (Dkt. # 3-1); 9/21/23 Order (Dkt. # 78) (staying case due to Ms. Russell's death)).)  Mr. Russell substituted in as Plaintiff in January 2024.  (*See* 1/9/24 Order (Dkt. # 84) (granting Mr. Russell's motion to substitute in as Plaintiff as administrator of Ms. Russell's estate); 1/24/24 Order (Dkt. # 87) (lifting the stay and setting an amended pretrial schedule)).)  As a result, Mr. Russell's response to the WADOT Defendants' motion for summary judgment relies heavily on verified complaints and declarations that Ms. Russell filed before she passed.  (*See generally* Resp. (citing Compl.; 2d Am. Compl. (Dkt. # 31); P. Russell Decls. (Dkt. ## 3-27, 3-31, 3-38, 3-48, 44)).)  "A trial court," however, "can only consider admissible evidence in ruling on a motion for summary judgment."  *Carroll v. Ladah L. Firm PLLC*, No. 2:18-CV-960 JCM (BNW), 2024 WL 709224, at *2 (D. Nev. Feb. 20, 2024) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)); Fed. R. Civ. P. 56(c).  Because Ms. Russell is deceased and cannot testify at trial about the contents of her verified complaints and declarations, statements she made within those complaints and declarations are hearsay.  *Id.*; *see* Fed. R. Evid. 801(c) (defining "hearsay" as "a statement that:  (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted").  Thus, the court cannot consider Ms. Russell's statements at summary judgment unless a hearsay exception applies.  Fed. R. Evid. 802; *see Carroll*, 2024 WL 709224, at *2 (holding that deceased former plaintiff's declaration was inadmissible hearsay and could not be considered at summary judgment).

1    Mr. Russell asserts that Ms. Russell's prior statements are not hearsay, and are
2 therefore admissible, pursuant to Federal Rule of Evidence 801(d)(2). (Resp. at 5 n.20.)
3 That rule provides, in relevant part, that a statement is not hearsay if it is "offered <u>against</u>
4 an opposing party" and "was made by the party in an individual or representative
5 capacity" or "is one the party manifested that it adopted or believed to be true." Fed. R.
6 Evid. 801(d)(2)(A)-(B) (emphasis added). Here, Mr. Russell seeks to offer Ms. Russell's
7 statements <u>in support of</u> her Estate's claims. (*See generally* Resp.) As a result, Rule
8 801(d)(2) does not apply, and the statements, as offered by Mr. Russell, remain
9 inadmissible hearsay that the court cannot consider at the summary judgment stage. *See*
10 Fed. R. Civ. P. 56(c).

11    In light of Mr. Russell's heavy reliance on Ms. Russell's prior statements, the
12 court ORDERS Mr. Russell to file, by no later than **May 17, 2024**, a supplemental brief
13 that (1) addresses, with citations to case law, whether Ms. Russell's statements in her
14 verified complaints and declarations are admissible under any hearsay exception and
15 (2) responds to the WADOT Defendants' third motion for summary judgment without
16 relying on Ms. Russell's hearsay statements. Mr. Russell's supplemental brief shall not
17 exceed 6,300 words in length.[1] The WADOT Defendants may file an optional reply to

---

[1] The court will not consider arguments that Mr. Russell purports to "incorporate by reference" from Ms. Russell's prior filings because incorporation of those filings would result in a brief that far exceeds the page limit set in this order. (*See, e.g.*, Resp. at 2 n.1 (purporting to incorporate by reference nearly a dozen filings); *id.* at 3 n.12 (purporting to incorporate by reference Ms. Russell's response to the WADOT Defendants' first motion for summary judgment and her expert witness's expert report); *id.* at 24 (purporting to incorporate by reference Ms. Russell's response to arguments the WADOT Defendants made before removing the case to this court).)

ORDER - 3

this supplemental brief, not to exceed 3,150 words in length, by no later than **May 24, 2024**. The Clerk is DIRECTED to re-note the WADOT Defendants' third motion for summary judgment (Dkt. # 88) for May 24, 2024.

Defendants National Capital Partners, Inc. and Jared Ekdahl (the "NCP Defendants") and Todd Lindstrom Corp., Todd Lindstrom, and Tia Lindstrom (the "Lindstrom Defendants") filed motions for summary judgment on May 1, 2024. (*See* NCP MSJ (Dkt. # 94); Lindstrom MSJ (Dkt. # 96).) Because these motions also challenge the admissibility of Ms. Russell's verified complaints and declarations (*see* NCP MSJ at 8-9; Lindstrom MSJ at 15-16), the court STAYS the briefing schedules for the motions and DIRECTS the Clerk to remove the motions (Dkt. ## 94, 96) from the court's motions calendar. The court will set a new briefing schedule for the NCP Defendants' and Lindstrom Defendants' motions for summary judgment after it issues its ruling on the WADOT Defendants' motion for summary judgment.

Dated this 7th day of May, 2024.

JAMES L. ROBART
United States District Judge