1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  PATRIC RUSSELL,                              CASE NO. C22-0531JLR

11                          Plaintiff,           ORDER

12              v.

13  WADOT CAPITAL, INC., et al.,

14                          Defendants.

15                  **I.    INTRODUCTION**

16      On October 9, 2024, the court issued an order in which it (1) granted in part

17  Defendants WADOT Capital, Inc., Erik Egger, Nicole House, Michael White, Steven

18  White, HMJOINT, LLC, Michele Chaffee, and Lisa Hallmon's (collectively, the

19  "WADOT Defendants") motion for summary judgment and (2) ordered Plaintiff Patric

20  Russell, as administrator and successor of the estate of deceased former Plaintiff Petra

21  Russell, to show cause why the court should not grant summary judgment in the

22  WADOT Defendants' favor on claims for declaratory relief related to the dismissed

1   claims.  (10/9/24 Order (Dkt. # 111) at 55-56; MSJ (Dkt. # 88)); *see* Fed. R. Civ. P.

2   56(f)(3) (empowering the district court to consider summary judgment *sua sponte*,

3   provided it gives the parties "notice and a reasonable time to respond").

4       Mr. Russell timely filed a response in which he argues that the court should not

5   grant summary judgment to the WADOT Defendants on his claims for declaratory relief

6   because many of those claims implicate parties, events, and issues that the court did not

7   consider or resolve in the October 9, 2024 order.  (OSC Resp. (Dkt. # 117) at 2-4

8   (discussing examples).)  He also asks the court to certify the October 9, 2024 order for

9   interlocutory appeal and stay this case pending the resolution of that appeal.  (*Id.* at 4-9.)

10  For the reasons set forth below, the court DISCHARGES the order to show cause and

11  DENIES Mr. Russell's request to certify the October 9, 2024 order for interlocutory

12  appeal.

## II.    ANALYSIS[1]

### A.    Order to Show Cause

15      The court agrees with Mr. Russell that granting summary judgment in the

16  WADOT Defendants' favor on his claims for declaratory relief at this time would be

17  premature.  The court is persuaded that the resolution of issues regarding the conduct of

18  parties other than the WADOT Defendants may affect whether and to what extent

19  declaratory relief is warranted.  Therefore, the court DISCHARGES its October 9, 2024

20  order to show cause without prejudice to raising the issue later in this litigation.

---

[1] The court assumes that the reader is familiar with the October 9, 2024 order.

1    **B.    Interlocutory Appeal**

2    The court denies Mr. Russell's request to certify the October 9, 2024 order for

3    interlocutory appeal.[2]  Under 28 U.S.C. § 1292(b), a party may take an interlocutory

4    appeal when "exceptional circumstances justify a departure from the basic policy of

5    postponing appellate review until after the entry of a final judgment."  *ICTSI Oregon,*

6    *Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting

7    *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  To certify an order for

8    interlocutory appeal, the court must determine that the order meets three requirements:

9    "(1) that there be a controlling question of law, (2) that there be substantial grounds for

10    difference of opinion as to that question, and (3) that an immediate resolution of that

11    question may materially advance the ultimate termination of the litigation."  *Id.* (quoting

12    *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)

13    (cleaned up)).  Mr. Russell has not shown that the October 9, 2024 order satisfies these

14    requirements.

15    First, Mr. Russell has not identified a controlling question of law as to which there

16    are substantial grounds for differences of opinion.  "A controlling question of law must

17    be one of law—not fact—and its resolution must 'materially affect the outcome of

18    litigation in the district court.'"  *Id*. (quoting *In re Cement*, 673 F.3d at 1026).  Where the

19    court's analysis of the proposed question in its order is fact-intensive, "the question is not

20

21    _____

[2] The court yet again reminds counsel for Mr. Russell that "[a] request for a court order must be made by motion."  (10/16/24 Order (Dkt. # 113) at 2 (quoting Fed. R. Civ. P. 7(b)(1));

22    5/8/24 Order (Dkt. # 103) at 2 (same).)  Although Mr. Russell should have made his request for certification by motion, the court addresses the request in this order in the interest of expediency.

1    a pure question of law and is therefore inappropriate as a controlling question[.]" *Pitera*

2    *v. Asset Recovery Grp. Inc.*, No. C22-0255TL, 2022 WL 16744381, at *3 (W.D. Wash.

3    Nov. 7, 2022).  For example, the Ninth Circuit Court of Appeals declined to find a

4    controlling question of law where the parties' dispute was "about whether [plaintiff]

5    became a primary employer under the circumstances of th[e] case (a question of fact)"

6    rather than "about whether primary— as opposed to secondary—employers can recover

7    damages for violation of [a statute] (a question of law)[.]" *ICTSI*, 22 F.4th at 1132.

8            Here, Mr. Russell asserts that the October 9, 2024 order

9            contains such questions of law as whether (1) Ms. Russell's statements and
             the expert report of Mr. Randall Lowell are admissible; (2) Ms. Russell's
10           loans were for a business purpose; (3) the Greenwood Property was Ms.
             Russell's primary dwelling or residence; and (4) whether summary judgment
11           for WADOT is otherwise proper.

12    (OSC Resp. at 5.)  None of these questions, however, is a "pure question of law." *Pitera*,

13    2022 WL 16744381, at *3.  To the contrary, the court applied settled law to the facts in

14    the record to resolve all of these questions.  (*See, e.g.*, 10/9/24 Order at 18-22 (holding

15    Ms. Russell's hearsay statements were inadmissible), 22-24 (declining to consider Mr.

16    Lowell's expert report), 27-35 (finding no genuine dispute of material fact as to the

17    purpose of the loans under federal law), 41-43 (same, under state law), 45-48 (finding no

18    genuine dispute of material fact as to whether the Greenwood Property was Ms. Russell's

19    primary dwelling).)

20           Even if Mr. Russell's proposed questions were controlling questions of law, he has

21    not shown that an appeal of any of these questions will materially advance the

22    termination of this litigation.  The "'materially advance' prong is satisfied when the

1  resolution of the question 'may appreciably shorten the time, effort, or expense of

2  conducting' the district court proceedings." *ICTSI*, 22 F.4th at 1131 (quoting *In re*

3  *Cement*, 673 F.2d at 1027).  This matter has been pending since January 2022; the

4  deadline for the Lindstrom Defendants and NCP Defendants to file motions for summary

5  judgment is fast approaching; and trial is just over four months away.  (*See* Not. of

6  Removal (Dkt. # 1) ¶ 1; 10/9/24 Order at 56; 1/24/24 Order (Dkt. # 87) at 2.)  An

7  interlocutory appeal of the October 9, 2024 order would only further delay the resolution

8  of this case.

9      In sum, the court concludes that Mr. Russell has not demonstrated "exceptional

10  circumstances" that justify interlocutory review of the October 9, 2024 order.  Therefore,

11  the court denies his request for certification under 28 U.S.C. § 1292(b).

12          **III.    CONCLUSION**

13      For the foregoing reasons, the court DISCHARGES its October 9, 2024 order to

14  show cause (*see* Dkt. # 111) and DENIES Mr. Russell's request for an order certifying

15  the October 9, 2024 order for interlocutory appeal (*see* Dkt. # 117).

16      Dated this 4th day of November, 2024.

17

18  _____

19  JAMES L. ROBART
    United States District Judge

20

21

22