UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRIC RUSSELL, | CASE NO. C22-0531JLR |
| Plaintiff, | ORDER |
| v. | |
| WADOT CAPITAL, INC., et al., | |
| Defendants. | |

On February 5, 2025, (1) the court granted Defendant NCW Trustee Services LLC's ("NCW") motion for summary judgment and dismissed with prejudice Plaintiff Patric Russell's claims against NCW for violations of the Deed of Trust Act and the Washington Consumer Protection Act and (2) ordered Mr. Russell to show cause by February 21, 2025, why, in light of the court's dismissal of Mr. Russell's substantive claims, the court should not dismiss his requests for declaratory relief.[1] (*See* 2/5/25

---

[1] The court previously set forth the background of this matter and repeats that background here only as is relevant to this order. (*See, e.g.*, 2/5/25 Order (Dkt. # 154) at 2-9.)

ORDER - 1

Order at 20.)  Both parties submitted responses to the order to show cause.  (Pls. Resp. (Dkt. # 156); Def. Resp. (Dkt. # 157).)  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised,[2] the court concludes that there are no remaining justiciable claims and, consequently, DISMISSES this action with prejudice.

The Declaratory Judgment Act "creates only a remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). Accordingly, a plaintiff cannot pursue a claim for declaratory relief absent an underlying claim. *Id*. at 1140.  Thus, to prevail, Mr. Russell must establish the existence of an actual controversy.

Mr. Russell contends that the court should not dismiss his requests for declaratory relief for two reasons:  (1) the amount of claimed debt to be paid from any foreclosure is in dispute and (2) WADOT has not, through discovery, affirmatively established "what, if anything[,] is legally owed" under the promissory note for the second loan (the "Second Note").  (Pls. Resp. at 2-3.)  The WADOT Defendants contend that Mr. Russell does not raise an actual controversy because (1) there is no controversy about the amount due under the loan, (2) "the promissory notes, including signatures thereon, are self-authenticating under Federal Rule of Evidence 902(9)[,]" and (3) the Washington

---

[2] Before the court is Defendants WADOT Capital Inc. ("WADOT"), Erik Egger, Nicole House, Michael White, Steven White, HMJOINT, LLC, Michele Chaffee, and Lisa Hallmon's (collectively, the "WADOT Defendants") request for a status conference regarding the pending order to show cause.  (Mot. (Dkt. # 158).)  The court concludes that neither a status conference nor oral argument would assist in its disposition of the remaining declaratory judgment action. *See* Local Rules W.D. Wash. LCR 7(b)(4).  Accordingly, the motion is DENIED.

ORDER - 2

Dead Man's Statute does not apply in the context of authenticating the Second Note. (*See generally* Def. Resp.)  The court agrees with the WADOT Defendants.

First, with regard to the amount of claimed debt owed by Ms. Russell's estate, the court addressed this issue and credited undisputed evidence of the loan amount and balance due when it dismissed Ms. Russell's accounting cause of action.  (*See* 10/9/24 Order (Dkt. # 111) at 52-53; *see also id*. at 10-13 (providing the relevant history of the second loan); Egger Decl. (Dkt. # 38) ¶¶ 29, 43-44 (providing an accounting of the amount due under the Second Note.)  Thus, the court concludes that there is no actual controversy regarding the amounts due under the Second Note.

Second, with respect to the authenticity of the Second Note, the court reaches the same conclusion.  Under the Federal Rules of Evidence, promissory notes are considered a species of commercial paper and are, thus, self-authenticating.  *See* Fed. R. Evid. 902(9); *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 803 n.3 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018) ("Promissory notes are, of course, self-authenticating.") (citing *United States v. Pang*, 362 F. 3d 1187, 1191 (9th Cir. 2004)); *Theros v. Frist Am. Title Ins. Co.*, C10-2021JCC, 2011 WL 462564, *2 (W.D. Wash. Feb. 3, 2011), *aff'd*, 519 F. App'x 471 (9th Cir. 2013) ("Promissory notes are self-authenticating under Federal Rule of Evidence 902(9).") (compiling cases).

Finally, the court rejects Mr. Russell's argument that, the WADOT Defendants would violate the Dead Man's Statute if they attempted to provide evidence that Ms. Russell signed the Second Note or other loan documents.  (*See* Pls. Resp. at 4-5.)  First, no evidence of communication between WADOT and Ms. Russell is required to

ORDER - 3

authenticate the Second Note.  *See* Fed. R. Evid. 902(9).  Second, the Dead Man's Statute does not apply to the case at bar because (1) it relates to the competency and credibility of witnesses rather than the validity of documentary evidence and (2) ordinary business records, such as the Second Note, are not excluded under the statute.  *See Equitable Life Assur. Soc. of U.S. v. McKay*, 837 F. 2d 904, 905 (9th Cir. 1988) ("The Washington Deadman's Statute concerns the competency of witnesses."); *Est. of Aguirre ex. rel. Aguirre v. Koruga*, 42 F. App'x 73, 75 (9th Cir. 2002) ("Deadman's statutes determine the competency and credibility of witnesses.") (citation omitted); *Erickson v. Robert F. Kerr, M.D., P.S. Inc.*, 883 P.2d 313, 316 (Wash. 1994) (finding records kept in the ordinary course of business are not excluded under the Dead Man's Statute and that the Statute does not apply to documents written or executed by the deceased); *Wildman v. Taylor*, 731 P.2d 541, 553 (Wash. Ct. App. 1987) (holding that the Statute is inapplicable to the introduction of written documentation executed by the decedent); (*see also* Def. Resp. at 4 (compiling cases)).

Thus, the court concludes that there are no remaining justiciable issues in this matter and, as a result, Mr. Russell may not proceed with his claims for declaratory relief. Accordingly, the court DISMISSES this action with prejudice.

Dated this 18th day of February, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 4