UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| PATRIC RUSSELL, | CASE NO. C22-0531JLR |
| Plaintiff, | ORDER |
| v. | |
| WADOT CAPITAL, INC., et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Defendants WADOT Capital, Inc. ("WADOT"), Erik Egger, Nicole House, Michael White, Steven White, HMJOINT, LLC ("HMJOINT"), Michele Chaffee, and Lisa Hallmon's (collectively, the "WADOT Defendants") motion for an order (1) dissolving the King County Superior Court's preliminary injunction restraining the nonjudicial foreclosure of the property at issue in this case, (2) declaring that funds in the state court registry should be disbursed to the WADOT Defendants, and (3) allowing the WADOT Defendants to file a motion in state court to obtain the disbursement from

ORDER - 1

the state court clerk.  (Mot. (Dkt. # 165); Reply (Dkt. # 172).)  Plaintiff Patric Russell, as administrator and successor of the estate of deceased former Plaintiff Petra Russell, opposes the motion.  (Resp. (Dkt. # 169).)  The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS IN PART the WADOT Defendants' motion but temporarily STAYS enforcement of its judgment.

## II.    BACKGROUND[2]

This matter arises from two loans that Petra Russell—Mr. Russell's mother and the original plaintiff in this matter—obtained from WADOT in 2018 and 2019.  (*See generally* 3d Am. Compl. (Dkt. # 86).)  The loans were secured by two deeds of trust on a home Ms. Russell owned in the Greenwood neighborhood of Seattle, Washington (the "Greenwood Property").  (*Id.*)  In September 2021, after Ms. Russell defaulted on the second loan, WADOT initiated nonjudicial foreclosure proceedings and set the trustee's sale of the Greenwood Property on February 11, 2022.  (*Id.*)

Ms. Russell filed her original complaint in King County Superior Court on January 31, 2022, and amended the complaint in March 2022.  (*See* Not. of Removal (Dkt. # 1) ¶ 1; Am. Compl. (Dkt. # 1-1).)  On February 8, 2022, the state court granted Ms. Russell's motion for a temporary restraining order enjoining the sale of the

---

[1] Neither party requests oral argument and the court concludes that oral argument would not aid it in its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court set out the factual and procedural background of this matter in detail in its October 9, 2024 order granting in part and denying in part the WADOT Defendants' motion for summary judgment.  (10/9/24 Order (Dkt. # 111) at 2-17.)  Therefore, the court focuses here on the background relevant to the instant motion.

ORDER - 2

Greenwood Property.  (*See* TRO Order (Dkt. # 3-33).)  On March 11, 2022, the state court granted Ms. Russell's motion for a preliminary injunction and enjoined the sale until further order.  (*See generally* PI Order (Dkt. # 3-55).)  The state court "excused" Ms. Russell "from making the monthly payment that would ordinarily be required [under the Washington Deed of Trust Act,] RCW 61.24.130 because of her indigence and/or financial circumstances."  (*Id.* at 3.)  In lieu of that payment, the state court ordered Ms. Russell to "pay to the Clerk of the Court, the sum of $500.00 on the first of each month beginning April 1, 2022."  (*Id.*)  The state court also excused Ms. Russell from filing a bond or other security while the preliminary injunction remained pending and instructed the parties that "a court order dissolving the injunction would need to be obtained before any further foreclosure proceedings may occur."  (*Id.* at 4.)

On April 20, 2022, HMJOINT removed the action to this court.  (*See generally* Not. of Removal.)  By October 9, 2024, this court had granted summary judgment in the WADOT Defendants' favor on all of Mr. Russell's claims against them, except for Mr. Russell's claims for declaratory relief.  (*See generally* 10/9/24 Order (granting the WADOT Defendants' third motion for summary judgment and ordering Mr. Russell to show cause why the court should not grant summary judgment in the WADOT Defendants' favor on his claims for declaratory relief).)

On October 23, 2024, the WADOT Defendants filed their first motion to dissolve the preliminary injunction and disburse the funds in the state court registry.  (1st Mot. (Dkt. # 114).)  On November 15, 2024, the court denied the WADOT Defendants' motion without prejudice to renewing it after the court decided the motions for summary

judgment filed by other Defendants.  (11/15/24 Order  (Dkt. # 128) at 6; *see* 11/4/24 Order (Dkt. # 118) (discharging the order to show cause because Mr. Russell's requests for declaratory relief implicated parties against whom Mr. Russell still had surviving claims).)

On January 29, 2025, the court granted the Lindstrom Defendants' and NCP Defendants'[3] motions for summary judgment.  (1/29/25 Order (Dkt. # 153).)  On February 5, 2025, the court granted Defendant NCW Trustee Services LLC's motion for summary judgment and ordered Mr. Russell to show cause why the court should not dismiss his claims for declaratory relief since it had now dismissed all of his substantive claims.  (2/5/25 Order (Dkt. # 154).)

On February 18, 2026, the court dismissed Mr. Russell's requests for declaratory relief in light of its dismissal of his substantive claims and entered judgment.  (2/18/26 Order (Dkt. # 160); Judgment (Dkt. # 161).)  Mr. Russell filed a notice of appeal on March 3, 2026.  (NOA (Dkt. # 162).)

The WADOT Defendants filed the motion now before the court on March 4, 2026. (Mot.)  The motion is now fully briefed and ripe for decision.

### III.    ANALYSIS

When an action is removed from state court to federal district court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall

---

[3] The Lindstrom Defendants were Todd Lindstrom Corporation, Todd Lindstrom, and Tia Lindstrom.  (*See* 1/29/25 Order at 1.)  The NCP Defendants were National Capital Partners, d/b/a Capital Compete, Jared Ekdahl, and Jane Doe Ekdahl.  (*See id.*)

ORDER - 4

remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "After removal, the federal court takes the case up where the State court left it off." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (quoting *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 436 (1974)). Federal law governs the proceedings after removal. *See id.*

Under federal law, a preliminary injunction "dissolves *ipso facto* when a final judgment is entered in the cause." *U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1093 (9th Cir. 2010) (compiling cases); *see also Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016) (holding, in a removed wrongful foreclosure case, that the district court's entry of summary judgment "immediately extinguished the state court's preliminary injunction."). Therefore, the court agrees with the WADOT Defendants that the preliminary injunction preventing them from foreclosing on the Greenwood Property ended with the entry of judgment in February 2026. (*See* Mot. at 3-4; Reply at 1-2.)

At the same time, the court also agrees with Mr. Russell that allowing the foreclosure of the Greenwood Property to proceed while this case is on appeal could result in irreparable harm to Mr. Russell and to Ms. Russell's estate. (*See* Resp. at 5-7); *see also Deutsche Bank Nat'l Tr. Co. as Tr. for GSAA Home Equity Tr. 2006-18 v. Cornish*, 759 F. App'x 503, 504 (7th Cir. 2019) (observing, in a foreclosure case, that "[w]ithout a stay, . . . the typical residential borrower will suffer irreparable damage (eviction from the home) during the appeal"). Therefore, the court temporarily stays enforcement of the judgment to allow Mr. Russell an opportunity to file a motion for a stay pending appeal. *See* Fed. R. App. P. 8(a)(1)(C) (providing that "[a] party must

ordinarily move first in the district court for the following relief: . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending); *see also* Fed. R. Civ. P. 62(d) (providing that while an appeal is pending from a final judgment that dissolves an injunction, the district court "may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights").

Mr. Russell shall file his motion for stay pending appeal, if any, by no later than **May 11, 2026**, and shall note it in accordance with Local Civil Rule 7(d)(3).  The parties shall address in their briefing the effect, if any, that a stay pending appeal has on the disbursement of funds currently held in the state court's registry.  The temporary stay will remain in place until the court resolves Mr. Russell's motion for stay on appeal.  Failure to timely file a motion for stay pending appeal will result in the court lifting the temporary stay and granting the WADOT Defendants' request for an order declaring that the funds held in the state court registry should be disbursed to the WADOT Defendants and that the WADOT Defendants may move in state court for an order of disbursement. (*See* Mot. at 4 (requesting such relief).)

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part the WADOT Defendants' motion to dissolve the preliminary injunction and disburse the funds in the state court registry (Dkt. # 165) because the injunction ended when the court entered final judgment in February 2026.  The court temporarily STAYS enforcement of the judgment pending the resolution of Mr. Russell's motion for a stay pending appeal, if any.  Mr. Russell shall

ORDER - 6

file his motion for a stay pending appeal by no later than **May 11, 2026**.  Failure to timely file the motion will result in the court lifting the temporary stay.

Dated this 28th day of April, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 7