UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRIC RUSSELL,

                           Plaintiff,

        v.

WADOT CAPITAL, INC., et al.,

                           Defendants.

CASE NO. C22-0531JLR

ORDER

## I.      INTRODUCTION

Before the court is Defendants WADOT Capital, Inc. ("WADOT"), Erik Egger, Nicole House, Michael White, Steven White, HMJOINT, LLC ("HMJOINT"), Michele Chaffee, and Lisa Hallmon's (collectively, the "WADOT Defendants") motion for an award of attorneys' fees and costs.  (Mot. (Dkt. # 163); Reply (Dkt. # 173).)  Plaintiff Patric Russell, as administrator and successor of the estate of deceased former Plaintiff Petra Russell, opposes the motion.  (Resp. (Dkt. # 168).)  The court has considered the motion, the parties' submissions, the relevant portions of the record, and the governing

ORDER - 1

law.  Being fully advised,[1] the court GRANTS in part and DENIES in part the WADOT Defendants' motion for an award of attorneys' fees and costs.

## II.     BACKGROUND

This matter arises from two loans that Ms. Russell—Mr. Russell's mother and the original plaintiff in this matter—obtained from WADOT in 2018 and 2019.  (*See generally* 3d Am. Compl. (Dkt. # 86).)  The loans were secured by deeds of trust ("DOTs") on a home Ms. Russell owned in the Greenwood neighborhood of Seattle, Washington (the "Greenwood Property").  (*Id.*)  The court set forth the background of this case in detail in its order granting the WADOT Defendants' third motion for summary judgment and assumes that the reader is familiar with this background.  (*See* 10/9/24 Order (Dkt. # 111) at 2-17.)

The WADOT Defendants seek an award of attorneys' fees and costs pursuant to paragraph 10 of the promissory note associated with Ms. Russell's second loan and paragraph 26 of the DOT securing that loan.  (*See generally* Mot.; Reply.)

Paragraph 10 of the second promissory note provides, in relevant part:

> Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought.  If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding . . . from the non-prevailing party.

---

[1] Neither party requests oral argument and the court concludes that oral argument would not aid it in its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

(3/23/23 Egger Decl. (Dkt. # 38) ¶ 26, Ex. S ("2d Note") at 88.[2])  Ms. Russell is the Maker on the note, and WADOT the Holder.  (*Id.* at 87.)  Paragraph 26 of the second DOT provides, in relevant part:

> If Beneficiary institutes any suit or action to enforce any of the terms of this Deed of Trust, or commences a non-judicial foreclosure, through the Trustee, the Beneficiary shall be entitled to recover reasonable attorneys' fees and expenses in the non-judicial foreclosure as well as at trial and on any appeal. Whether or not any court action is involved, all reasonable attorneys' fees and expenses incurred by Beneficiary that in Beneficiary's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become part of the Indebtedness payable on demand[.]

(3/23/23 Egger Decl. ¶ 27, Ex. T ("2d DOT") at 99.)  WADOT is the beneficiary named on the DOT.  (*Id.* at 90.)  WADOT later assigned the DOT to Defendants Michael White, Steven White, HMJOINT, Michelle Chaffee, and Lisa Hallmon (together, the "Beneficiaries").  (*See* 3/23/23 Egger Decl. ¶ 30, Ex. W.)

In September 2021, after Ms. Russell defaulted on her second loan, WADOT initiated nonjudicial foreclosure proceedings on behalf of the Beneficiaries and set the trustee's sale of the Greenwood Property on February 11, 2022.  (*See id.* ¶¶ 32-34; 2d Am. Compl. (Dkt. # 31), Exs. 26-27.)  Seeking to enjoin the foreclosure, Ms. Russell filed her original complaint in King County Superior Court on January 31, 2022, and amended the complaint in March 2022.  (*See* Not. of Removal (Dkt. # 1) ¶ 1; Am. Compl. (Dkt. # 1-1).)  On April 20, 2022, HMJOINT removed the action to this court.

//

//

---

[2] The court refers to the page numbers in the CM/ECF header when citing the exhibits to Erik Egger's declaration.

ORDER - 3

(*See generally* Not. of Removal.)  Mr. Russell substituted in as Plaintiff after Ms. Russell's death in September 2023.  (*See* 3d Am. Compl. at 1.)

Mr. Russell raises ten of his twelve causes of action against WADOT or the WADOT Defendants:  (1) breach of contract and the implied covenant of good faith and fair dealing arising from alleged breaches of the second promissory note and the second DOT; (2) violations of the Washington Deed of Trust Act ("DTA") which, according to Mr. Russell, rendered the foreclosure proceedings invalid; (3) violation of the Washington Consumer Loan Act based on WADOT's alleged failure to obtain a license to make residential mortgages; (4) violation of the Washington Usury Law based on allegedly excessive loan fees and interest charged by WADOT; (5) violation of the Real Estate Settlement Procedures Act ("RESPA") based on WADOT's alleged failure to provide certain disclosures; (6) violations of the Home Ownership Equity Protection Act ("HOEPA") and Truth in Lending Act ("TILA") based on allegedly excessive fees and interest, WADOT's failure to provide certain disclosures, and WADOT's failure to rescind the loan transaction; (7) violation of the Equal Credit Opportunity Act ("ECOA") based on WADOT's allegedly discriminatory conduct and failure to provide certain disclosures; (8) violation of the Washington Consumer Protection Act ("WCPA") based on the WADOT Defendants' alleged violations of law and other conduct; (9) unjust enrichment arising from WADOT's conduct that allegedly led Ms. Russell to enter into the loan agreements; and (10) accounting and declaratory relief including, in relevant part, a declaration that the pending trustee's sale was void, that the DOT had been

rescinded, and that none of the WADOT Defendants had authority to initiate a foreclosure against the Property. (*See* 3d Am. Compl. ¶¶ 6.1-11.3, 13.1-16.8.)

On October 9, 2024, the court granted summary judgment in the WADOT Defendants' favor on all of Mr. Russell's claims against them, except for Mr. Russell's claims for declaratory relief. (*See generally* 10/9/24 Order.) The court also granted the WADOT Defendants' motion for summary judgment regarding their entitlement to an award of attorneys' fees and costs and directed the WADOT Defendants to file a motion quantifying their fees and costs within 14 days after entry of judgment. (*Id.* at 53-54.) Mr. Russell did not address the WADOT Defendants' request for fees and costs in his response to their motion for summary judgment. (*See id.*; *see also* MSJ Resp. (Dkt. # 91); MSJ Supp. Resp. (Dkt. # 104).)

On February 18, 2026, the court dismissed Mr. Russell's requests for declaratory relief in light of its dismissal of his substantive claims and entered judgment. (2/18/26 Order (Dkt. # 160); Judgment (Dkt. # 161).) Mr. Russell filed a notice of appeal on March 3, 2026. (NOA (Dkt. # 162).)

The WADOT Defendants filed their motion for attorneys' fees and costs on March 4, 2026. (*See* Mot.) The motion is now fully briefed and ripe for decision.

### III.    ANALYSIS

The WADOT Defendants assert that they are entitled to an award of $272,225.00 in attorneys' fees and $1,746.16 in costs to be paid by Ms. Russell's estate. (Mot. at 1.) Mr. Russell, meanwhile, counters that the WADOT Defendants are not entitled to any of their fees and costs. (*See generally* Resp.) Below, the court considers the scope of the

ORDER - 5

WADOT Defendants' entitlement to attorneys' fees and costs and the calculation of those fees and costs.

**A.      The Scope of the WADOT Defendants' Entitlement to Fees and Costs**

"When state law provides the basis for a party's entitlement to attorneys' fees, a federal court applies state law to calculate the amount of those fees." *See Drexler v. Billet*, No. C17-8552-DMG-JCX, 2018 WL 6164279, at *1 (C.D. Cal. Aug. 6, 2018). The parties agree that Washington law governs this motion. (*See generally* Mot.; Resp.)

Under RCW 4.84.330, contracting parties can enter agreements that allow the prevailing party to recover attorneys' fees in disputes arising from the agreement. RCW 4.84.330. To recover their attorneys' fees and costs under this statute, the WADOT Defendants must show that (1) the action is "on a contract"; (2) they are the prevailing party; and (3) the requested fees and costs are reasonable. *Id.* To determine whether an action is brought "on a contract," courts in Washington ask whether "the contract containing the attorney fee provision is central to the controversy." *Hemenway v. Miller*, 807 P.2d 863, 873 (Wash. 1991); *see also Boguch v. Landover Corp.*, 224 P.3d 795, 805 (Wash. Ct. App. 2009) ("[A]n action is on a contract for purposes of a contractual attorney fees provision if the action arose out of the contract and if the contract is central to the dispute.") (citation omitted). The prevailing party is the one "in whose favor final judgment is rendered." RCW 4.84.330. An award of fees to the prevailing party is mandatory, with no discretion except as to the amount. *Crest Inc. v. Costco Wholesale Corp.*, 115 P.3d 349, 355 (Wash. Ct. App. 2005).

Mr. Russell raises four key objections to the WADOT Defendants' asserted entitlement to attorney's fees and costs. First, he argues that the court's summary judgment order holding that the WADOT Defendants are entitled to fees and costs is invalid because the "[t]he fee entitlement issue was never properly the subject of briefing." (Resp. at 2.) Instead, according to Mr. Russell, Federal Rule of Civil Procedure 54(d) requires the requesting party to file a standalone fees motion after entry of judgment. (*Id.* at 3.) Although Mr. Russell could have raised this argument in response to the WADOT Defendants' motion for summary judgment, he did not do so. (*See* 10/9/24 Order at 53 (noting that Mr. Russell did not respond to the WADOT Defendants' motion regarding attorneys' fees and costs).) Therefore, the court considers the argument waived. In any event, Mr. Russell cites no cases supporting his assertion that a party is prohibited from moving for a ruling regarding its entitlement to attorneys' fees until after the entry of final judgment. (*See generally* Resp.) The court concludes that it did not err when it concluded that the WADOT Defendants are entitled to an award of attorneys' fees and costs pursuant to the second promissory note and second DOT.

Second, Mr. Russell asserts that the WADOT Defendants cannot recover any of their fees or costs because this action was not "on a contract." (Resp. at 4-5.) Proceedings regarding the enforceability of a deed of trust or promissory note, however, constitute an action on a contract. *See Bingham v. Lechner*, 45 P.3d 562, 569 (Wash. Ct. App. 2002) ("The party that prevails in a proceeding to foreclose a deed of trust is entitled to an award of fees if the deed of trust and/or the promissory note provide for such an award.") (citation omitted). Because Mr. Russell's claims against the WADOT

Defendants challenge the terms of the loan  and the validity of the deed of trust, the court has no trouble concluding that the WADOT Defendants are entitled to the fees they incurred in prevailing on those claims.  *See, e.g.*, *Johnson v. Nationstar Mortg., LLC*, No. C15-1754TSZ, 2016 WL 6075574, *2 (W.D. Wash. Mar. 10, 2016) (holding that plaintiff's lawsuit to enjoin a trustee's sale and rescind the loan was an "action or proceeding to construe or enforce any term" of the deed of trust and awarding defendants fees and costs); *Moore v. ING Bank, FSB*, No. C11-139Z, 2011 WL 3586152, at *2 (W.D. Wash. Aug. 16, 2011) (concluding that plaintiff's "TILA-related" claims were "on a contract" because the plaintiff sought to rescind the contracts at issue and awarding the defendant the attorneys' fees it incurred in defending against those claims).

Third, Mr. Russell argues that the WADOT Defendants are not entitled to an award of attorneys fees or costs because Ms. Russell filed this action and the WADOT Defendants did not raise any counterclaims asking the court to construe or enforce the second promissory note or the second deed of trust.  (Resp. at 7.)  Courts in this district, however, routinely award attorneys' fees and costs to lenders in actions brought by borrowers seeking to avoid foreclosure.  *See, e.g.*, *Hernandez v. Franklin Credit Mgmt. Corp.*, No. C19-0207JCC, 2020 WL 583814, at *2 (W.D. Wash. Feb. 6, 2020) (granting attorneys' fees to the lender in a proceeding brought by a borrower who sued to avoid foreclosure on a deed of trust, reasoning that the "proceeding materially affect[ed] [the lender's] interest in the property because it determined whether [the lender] may enforce the deed of trust"); *Moseley v. CitiMortgage Inc.*, No. C11-5349RJB, 2011 WL 6151414, at *3 (W.D. Wash. Dec. 12, 2011), *aff'd*, 564 F. App'x 300 (9th Cir. 2014) (awarding

attorneys' fees to the defendant because "[t]he [plaintiff's] lawsuit challenged the underlying validity of the obligation; and [the defendant's] defense of the case was undertaken to protect its rights in the property").

Finally, Mr. Russell argues that the DTA's anti-deficiency provision, RCW 61.24.100, bars the WADOT Defendants from seeking an award of attorneys' fees from Mr. Russell individually.  (Resp. at 8-10.)  The WADOT Defendants, however, clarify that they seek an award only against Ms. Russell's estate and not against Mr. Russell personally, and they point out that any award of attorneys' fees and costs will be secured by the second DOT.  (Reply at 1, 5.)  Therefore, the court concludes that the anti-deficiency provision does not bar the WADOT Defendants' motion for an award of attorneys' fees and costs.

**B.     Amount of Attorneys' Fees**

The WADOT Defendants move for a total attorneys' fees award of $272,225.00.  (*See* McIntosh Decl. (Dkt. # 164) ¶ 7 (summarizing the requested fees); *id.* ¶¶ 5-6, Exs. A & B (client invoices).)  Where, as here, a party is entitled to attorney's fees based on a contract but the contract does not specify how to calculate those fees, "the proper method for the calculation of a reasonable fee award is the lodestar method."  *Crest*, 115 P.3d at 356 (citation omitted).  The lodestar approach sets fees by multiplying a reasonable hourly rate by the reasonable number of hours spent on the lawsuit.  *Id.*  If the attorney has an established rate for billing clients, that rate will likely be reasonable.  *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 203 (Wash. 1983).  The requesting attorneys "must provide reasonable documentation of the work performed."  *Id.*  "This

ORDER - 9

documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work (i.e., senior partner, associate, etc.)." *Id.*

Because the court "must limit the lodestar to hours reasonably expended," it should "discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Id.* After calculating the lodestar, the court may adjust the fee up or down based on other factors. *Crest*, 115 P.3d at 356; *see also Bowers*, 675 P.2d at 203-04 (stating the court may consider such factors as the level of skill required by the litigation, the amount of potential recovery, time limitations imposed by the litigation, the attorney's reputation, and the undesirability of the case). The party seeking an award of attorneys' fees bears the burden of demonstrating that its request is reasonable. *Scott Fetzer Co. v. Weeks*, 859 P.2d 1210, 1216 (Wash. 1993).

Mr. Russell does not challenge the WADOT Defendants' attorneys' billing rates, nor does he argue that counsel engaged in block-billing or included duplicative or unproductive time in their request for fees. (*See generally* Resp.) Instead, he objects to the WADOT Defendants' fee calculations on two separate grounds. First, Mr. Russell argues that, even if his breach of contract claim was "on a contract," his remaining claims were statutory or sounded in tort. (Resp. at 11.) As a result, according to Mr. Russell, the WADOT Defendants were required—but failed—to segregate their request for fees between time spent on the one contractual claim and time spent on the remaining claims. (*Id.* at 11-14.) As discussed above, however, the court concludes that the WADOT Defendants are entitled to an award of reasonable attorneys fees incurred in defending

ORDER - 10

against all of Mr. Russell's claims against them because the claims are related to the enforcement or declaration of the parties' rights under the second promissory note and the second DOT.  Accordingly, the WADOT Defendants had no duty to segregate their fees by claim.

Second, Mr. Russell argues that the WADOT Defendants failed to segregate fees for successful work from fees for motions that were unsuccessful.  (*Id.* at 13-14.) Specifically, he argues that the WADOT Defendants cannot recover for fees incurred in opposing his mother's state-court motions for a temporary restraining order and preliminary injunction preventing the non-judicial foreclosure of the Greenwood Property, their unsuccessful motion for reconsideration of the order imposing the preliminary injunction, and their first unsuccessful motion to dissolve the preliminary injunction.  (*Id.*)  In response, the WADOT Defendants assert, without citation to authority, that their fees incurred in opposing the injunction are recoverable. (*See* Reply at 4.)  It is well established in Washington, however, that a prevailing party cannot recover fees for "hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Bowers*, 675 P.2d at 203; *see also Chuong Van Pham v. City of Seattle*, 151 P.3d 976, 981-82 (Wash. 2007) (affirming exclusion of fees for hours spent on unsuccessful motions).  Therefore, the court agrees with Mr. Russell that the WADOT Defendants may not recover attorneys' fees incurred in connection with their unsuccessful efforts.

Having determined that the WADOT Defendants are entitled to an award of attorneys' fees except where their efforts were unsuccessful, the court now evaluates the

ORDER - 11

lodestar.  First, the court concludes that the WADOT Defendants' attorneys' and paralegal's hourly rates are reasonable.  (*See* McIntosh Decl. ¶¶ 4 (summarizing the billing rates), 8-12 (summarizing counsel's experience).)  Mr. Russell does not object to the billing rates (*see generally* Resp.), and the court concludes that the rates are reasonable and within the range charged by similarly-experienced attorneys practicing in the Western District of Washington.

Second, the court concludes that, apart from the time counsel spent on the WADOT Defendants' unsuccessful motions, the hours the WADOT Defendants spent defending this matter are reasonable.  (*See* McIntosh Decl. ¶¶ 5-6, Exs. A & B (client invoices); *id.* ¶ 7 (summarizing the hours billed by each attorney and paralegal).)  Counsel's efforts in this case began in July 2021 and did not conclude until approximately February 2026.  (*See id.*, Exs. A & B.)  Mr. Russell represents that the fees the WADOT Defendants incurred through their counsel's unsuccessful efforts related to the state-court injunction total $22,846.00 and are based on work competed on February 3-8, 2022; March 1-11 2022; March 23-30, 2022; and October 16-23, 2024.  (*See* Resp. at 13.)  The WADOT Defendants do not address Mr. Russell's calculation of excluded fees, and the court confirms through its own review that Mr. Russell's proposal is reasonable.

Finally, neither the WADOT Defendants nor Mr. Russell ask the court to adjust the lodestar, and the court declines to do so on its own.  Accordingly, the court grants in part the WADOT Defendants' motion for an award of attorneys' fees and awards them $249,379.00.

**C.      Amount of Costs**

The WADOT Defendants request an award of $1,746.16 in costs pursuant to the attorneys' fees provisions in the second promissory note and second DOT.  (McIntosh Decl. ¶ 16.)  These costs include expenses such as filing fees, the costs of producing working copies and copies of case materials, legal messenger fees, and the cost of a transcript.  (*See id.* ¶ 16.)  Mr. Russell objects to the request for costs only on the ground that such an award is not authorized under the second promissory note and second DOT. (*See generally* Resp.)  As discussed above, the court concludes that the WADOT Defendants are entitled to costs incurred in defending against Mr. Russell's claims. Therefore, the court grants the WADOT Defendants' request for an award of $1,746.16 in costs.

## IV.      CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the WADOT Defendants' motion for an award of attorneys' fees and costs (Dkt. # 163).  The court AWARDS the WADOT Defendants $249,379.00 in attorneys' fees and $1,746.16 in costs.

Dated this 4th day of June, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 13